Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JET MECHANICAL, INC., a California corporation, <br><br> Defendant. | Case No.: C13-4194 EMC <br><br> **PLAINTIFFS' REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE; and [PR~~OPO~~SED] ORDER THEREON** <br><br> Date: September 11, 2014 <br> Time: 10:30 a.m. <br> Ctrm: Courtroom 5, 17th Floor <br>        450 Golden Gate Avenue <br>        San Francisco, California <br> Judge: The Honorable Edward M. Chen |

Plaintiffs respectfully request that the Case Management Conference scheduled for September 11, 2014, at 10:30 a.m., be continued for approximately sixty (60) days, as follows:

1. As the Court's records will reflect, this action was filed on September 10, 2013 to compel Defendant to comply with the terms of its Collective Bargaining Agreement.

2. Defendant was served with the summons and complaint on December 30, 2013, and Plaintiffs filed a Proof of Service of Summons on January 7, 2014.

3. On January 16, 2014, Plaintiffs requested a continuance to the Case Management Conference to allow for sufficient time for Defendant to respond to Plaintiffs' complaint. On January 21, 2014, the Court granted Plaintiffs' request and the Case Management Conference was rescheduled for February 27, 2014.

/ / /

4.      Defendant retained counsel and submitted its delinquent contribution reports. On February 20, 2014, Plaintiffs requested another continuance to the Case Management Conference because the parties were working toward resolution of the dispute through a payment plan in the form of a Judgment Pursuant to Stipulation. On February 25, 2014, the Court granted Plaintiffs' request and the Case Management Conference was rescheduled for April 10, 2014.

5.      On March 10, 2014, the Court filed a notice rescheduling the Case Management Conference to April 15, 2014.

6.      On March 26, 2014, Plaintiffs filed a Request for Entry of Default as Defendant failed to plead or otherwise defend or appear in this action, and the time permitted for such pleading, defense, or other appearance has run.

7.      On April 7, 2014, Plaintiffs requested a continuance of the Case Management Conference to allow sufficient time for parties to discuss the terms of a payment plan. On April 11, 2014, the Court granted Plaintiffs' request and the Case Management Conference was rescheduled for June 19, 2014.

8.      On April 8, 2014, the Court issued an order denying Plaintiffs' request for entry of Defendant's default.

9.      On June 12, 2014, Plaintiffs requested a continuance of the Case Management Conference to allow sufficient time for Plaintiffs to prepare, and Defendant to review and execute, a Judgment Pursuant to Stipulation. On June 13, 2014, the Court granted Plaintiffs' request and the Case Management Conference was rescheduled for September 11, 2014.

10.     Defendant failed to execute the Judgment Pursuant to Stipulation prepared by Plaintiffs. Defendant currently owes Plaintiffs payment for its July 2014 contributions, as well as interest, liquidated damages, and attorneys' fees and costs. Defendant has contacted Plaintiffs and indicated that it will pay its July 2014 contributions, and amounts due in interest and attorneys' fees and costs, and will request a waiver of its liquidated damages, to be considered by Plaintiffs' Trust Funds' Board of Trustees.

11.     There are no issues that need to be addressed by this Court at the currently scheduled Case Management Conference. In the interest of conserving costs as well as the Court's

1  time and resources, Plaintiffs respectfully request that the Court continue the currently scheduled
2  Case Management Conference for approximately sixty (60) days, to allow for sufficient time for
3  Defendant to submit payment for its delinquent contributions, interest, and attorneys' fees and
4  costs, as well as a written request for a waiver of liquidated damages due.

5       12.    Plaintiffs recognize that a case management conference statement is due seven days
6  in advance of the case management conference date, pursuant to Local Rule 16-9. Should this
7  Court require Plaintiffs to file a complete Case Management Conference Statement, Plaintiffs will
8  do so promptly.

Dated: September 3, 2014                     **SALTZMAN & JOHNSON**
                                                        **LAW CORPORATION**

                                        By:            /S/
                                                 Michele R. Stafford
                                                 Attorneys for Plaintiffs

IT IS SO ORDERED.

     Based on the foregoing, and GOOD CAUSE APPEARING, the currently set Case Management Conference is hereby continued to __11/20/14__, and all related deadlines are extended accordingly.

Date: __9/8/14__

_____
THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT COURT

*IT IS SO ORDERED AS MODIFIED*
*Judge Edward M. Chen*

PROOF OF SERVICE

I, the undersigned, declare:

1. I am a citizen of the United States and am employed in the County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

2. I am over the age of eighteen and not a party to this action.

3. On **September 4, 2014**, I served the following document(s):

**PLAINTIFFS' REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE; and [PROPOSED] ORDER THEREON**

on the interested parties in said action by enclosing a true and exact copy of each document in a sealed envelope and placing the envelope for collection and First Class mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelopes were addressed and mailed as follows:

**Jet Mechanical, Inc.**
**c/o David Dornblaser, Esq.**
**Law Offices of David Dornblaser**
**3758 Spinnaker Ct.**
**Fremont, CA 94538**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **September 4, 2014,** at San Francisco, California.

/S/
Alicia Rutkowski
Paralegal