Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JET MECHANICAL, INC., a California corporation, <br><br> Defendant. | Case No.: C13-4194 EMC <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS, et al. ("Plaintiffs" or "Trust Funds") and against Defendant JET MECHANICAL, INC., a California corporation ("Defendant"), and/or alter egos and/or successor entities, as follows:

1.    Defendant entered into a collective bargaining agreement ("Bargaining Agreement"), of which Plaintiffs are third party beneficiaries. The Bargaining Agreement is still in full force and effect.

2.    MARTIN JOHN FLATON, JR. acknowledges that he is the RMO of Defendant JET MECHANICAL, INC. and specifically consents to the Court's jurisdiction for all proceedings herein. Martin John Flaton, Jr. (hereinafter "Guarantor") confirms that he is personally

1   guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges

2   that all affiliates, related entities and successors in interest to JET MECHANICAL, INC. and/or

3   any subsequent entity wherein Mr. Flaton is a principal shall also be bound by the terms of this

4   Stipulation as Guarantor, and also consent to this Court's jurisdiction. Defendant and any

5   additional entities in which MARTIN JOHN FLATON, JR. is an officer, owner or possesses any

6   controlling ownership interest, including all successors in interest, assignees, and affiliated entities

7   (including, but not limited to parent or other controlling companies), and any companies with

8   which JET MECHANICAL, INC. joins or merges, if any, shall also be bound by the terms of this

9   Stipulation. Defendant and all such entities specifically consent to the Court's jurisdiction, which

10  shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant,

11  along with the obligations to the terms herein.

12      3.      Defendant has become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquid. Damages on Reported Contributions | 10% Interest (through 1/13/15) | Total |
|---|---|---|---|---|
| December 2014 | $39,186.60 | $7,837.32 | $0.00 | |
| Delinquent Contributions, Interest & Liquidated Damages (12/14, breakdown above) | | | | $47,023.92 |
| 20% Liquidated Damages on Prior Late-Paid Contributions (4/13-7/14; 9/14-10/14) | | | | $182,743.91 |
| 10% Interest on Prior Late-Paid Contributions (9/14-10/14) | | | | $267.85 |
| | | | | |
| Principal Underpayment per Audit (6/11-12/13) | | | | $2,153.54 |
| 10% Interest per Audit | | | | $213.62 |
| 20% Liquidated Damages per Audit | | | | $430.71 |
| Audit Testing Fees | | | | $215.35 |
| Attorneys' Fees (9/17/14-1/5/15) | | | | $1,583.00 |
| Costs (9/17/14-1/5/15) | | | | $5.86 |
| Additional Bond Requirement | | | | $50,000.00 |
| Credit (payment received pursuant to bond claim)[1] | | | | (-$25,000.00) |
| Judgment Total: | | | | $259,637.76 |

---

[1] Plaintiffs are advised that Defendants' surety is sending a check for $25,000 in response to its bond claim. Should this payment not be received, this amount shall be added back into the Judgment.

P:\CLIENTS\SHECL\Jet Mechanical\Pleadings\revised judgment pursuant to stipulation 011515.doc

4.      In addition to the above, Defendant is also responsible for replacing its Surety bond with the Union / Plaintiff Trust Funds, as a guarantee for its future Trust Fund contributions.[2]

5.      Defendant shall *conditionally* pay the amount of **$68,625.82**, representing all of the above amounts, less conditionally-waived liquidated damages in the amount of **$191,011.94**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

a.      Beginning on **January 20, 2015**, and on or before the 20th day of each month thereafter for a period of 24 months, through and including December 20, 2016, Defendant shall pay to Plaintiffs the amount of **$3,167.00** per month;

b.      Payments may be made by joint check, to be endorsed by Defendant prior to submission.  Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment.  Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

c.      Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

d.      Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 10% per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

e.      Checks shall be made payable to the ***Sheet Metal Workers of Northern California Trust Funds***, and delivered on or before each due date to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco,

---

[2] Replacement of Defendant's Surety bond is not included in the payment schedule described in Paragraph 5 herein. The current bond amount is $25,000. Should the Trust Fund determine that a lesser amount is required, Defendant shall post a bond in the lesser amount.

P:\CLIENTS\SHECL\Jet Mechanical\Pleadings\revised judgment pursuant to stipulation 011515.doc

1  <u>California 94104</u>, or to such other address as may be specified by Plaintiffs;

2          f.      At the time that Defendant makes their 24th stipulated payment, Defendant

3  may submit a written request for waiver of liquidated damages directed to the Board of Trustees,

4  but sent to Saltzman and Johnson Law Corporation with their 24th payment.  Such waiver will not

5  be considered until and unless all other amounts are paid in full and Defendant's account is

6  otherwise current;

7          g.      Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

8  Defendant/Guarantor in writing, by email to marty@jetmechanicalinc.com, as to the final amount

9  due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs

10 in connection with the collection and allocation of the amounts owed to Plaintiffs under this

11 Stipulation.  Defendant shall pay all additional interest, attorneys' fees and costs regardless of

12 whether or not Defendant defaults herein.  Any additional amounts due pursuant to the provisions

13 hereunder shall also be paid in full with the final stipulated payment due on December 20, 2016;

14 and

15          h.      Failure to comply with any of the above terms shall constitute a default of

16 the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

17      6.      In the event that any check is not timely submitted or fails to clear the bank, or is

18 unable to be negotiated for any reason for which Defendant is responsible, Defendant/Guarantor

19 shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a

20 written    demand    to    Defendant/Guarantor,    by    regular    mail    and    email    to

21 marty@jetmechanicalinc.com, to cure said default *within seven (7) days of the date of the notice*

22 *from Plaintiffs*.  If caused by a failed check, default will only be cured by the issuance of a

23 replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the

24 seven (7) day cure period.  If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to

25 accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs'

26 request.  In the event default is not cured, all amounts remaining due hereunder shall be due and

27 payable on demand by Plaintiffs.

28

P:\CLIENTS\SHECL\Jet Mechanical\Pleadings\revised judgment pursuant to stipulation 011515.doc

7.     Beginning with contributions due for hours worked by Defendant's employees during the month of January 2015[3], and for every month thereafter until this Stipulation is satisfied, **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining Agreement and Trust Agreements provide that all benefit contributions are due on or before the tenth (10th) day of the month following the month in which hours were worked and are delinquent if not received by the twentieth (20th) day of that month.

Until this Stipulation is satisfied, Defendant shall **submit originals of all monthly contribution reports and payments to Saltzman and Johnson Law Corporation.** The contribution reports and payments shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, <u>by the twentieth (20th) day of each month</u>. Defendant shall send <u>copies</u> of its contribution reports and payments to the Trust Funds. Failure to comply with these terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

8.     Beginning with the month of January 2015, and for every month thereafter, **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, or via e-mail to <u>compliance@sjlawcorp.com</u>, by the 20th day of each month.

---

[3] Defendants reserve the right to request that the Stipulated Judgment be amended to add January 2015 contributions.

1   This requirement remains in full force and effect regardless of whether or not Defendant

2   has ongoing work, whether Defendant's account with the Trust Funds is active, or whether

3   Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason,

4   Defendant has no work to report during a given month, Defendant shall submit the job report form

5   (Exhibit A) indicating that there are no current jobs. **Defendant's first job report (regarding**

6   **January 2015 jobs) is due on or before January 20, 2015.**

7   Failure by Defendant to timely submit fully completed monthly job reports and Certified

8   Payroll Reports (if applicable) as described above shall constitute a default of the obligations

9   under this Stipulation and the terms of ¶ 11 shall apply.

10   9.      **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in

11   order to confirm proper reporting and payment of contributions pursuant to the Bargaining

12   Agreements, any failure by Defendant to comply with said request shall constitute a default of the

13   obligations under this Agreement, which Defendant/Guarantor shall have ten (10) days to cure

14   from receipt of written notice from Plaintiffs.

15   (a)      In the event that amounts are found due on audit, Plaintiffs shall send a

16   written   demand   to   Defendant/Guarantor,   by   regular   mail   and   email   to

17   marty@jetmechanicalinc.com, for payment in full of the amounts found due in the audit, including

18   a full copy of the audit report and any findings, including contributions, liquidated damages,

19   interest and audit fees owed.

20   (b)      Defendant will be provided with ten (10) days in which to review the audit,

21   and provide evidence to contest the findings.  In the event that Defendant does not agree with the

22   total found due, Plaintiffs shall provide any additional information or clarification requested by

23   Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably

24   possible, and Defendant's time to respond to the audit report or comply with payment

25   requirements shall then run from the time that Defendant receives Plaintiffs' response.  Once the

26   ten (10) day review period expires, in the event that the audit is not contested, payment in full

27   shall be delivered to Michele R. Stafford at the address provided above.

28   (c)      If the audit is contested, and Defendant provides documentation in support

1    of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

2    revisions are not made, payment will be immediately due.

3            (d)    If revisions are made to said audit as a result of the dispute, payment in full

4    of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised

5    billing.

6            (e)    If Defendant is unable to make payment in full, Defendant/Guarantor may

7    submit a written request to revise this Judgment, modifying the payment plan (by monthly amount

8    and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the

9    terms herein. If the Judgment is so revised, Defendant/Guarantor shall execute the Amended

10   Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said

11   Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall

12   constitute a default of the terms herein.

13           (f)    Failure by Defendant to submit either payment in full or a request to add the

14   amounts due to this Judgment within ten (10) days of the date due per the terms written above

15   shall constitute a default of the obligations under this agreement.  All amounts found due on audit

16   shall immediately become part of this Judgment.

17       10.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the

18   obligations under this Stipulation and the provisions of ¶ 11 shall apply.  Any unpaid or late-paid

19   contributions, together with 20% liquidated damages and 10% per annum interest accrued on the

20   contributions shall be added to and become a part of this Judgment and subject to the terms herein.

21   In addition, if Defendant fails to replace the bond referenced ¶ 4 herein, that amount shall be also

22   added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all

23   rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust

24   Funds for collection of current and future contributions, and for any additional past contributions

25   not included herein as may be determined by Plaintiffs, pursuant to employee timecards or

26   paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.

27   Defendant/Guarantor specifically waives the defense of the doctrine *res judicata* as to any such

28   additional amounts determined as due**.**

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-4194 EMC**

11.     In the event that Defendant fails to make any payment required under ¶ 5 above, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)     The entire balance of **$259,637.76**, as specified in ¶ 3 above, plus interest, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions, plus Defendant's Surety bond or monetary equivalent if not replaced as described in ¶ 4 herein, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)     A Writ of Execution may be obtained against Defendant/Guarantor without further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default;

(c)     Defendant/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor; and

(d)     Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, whether or not a default occurs herein.

12.     Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

13.     The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

14.    Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15.    This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of their control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into the Bargaining Agreement, and applicable laws and regulations.

16.    This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.    Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

/ / /
/ / /
/ / /
/ / /

P:\CLIENTS\SHECL\Jet Mechanical\Pleadings\revised judgment pursuant to stipulation 011515.doc

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: January 15, 2015                        **JET MECHANICAL, INC.**

By: _____/S/_____

Martin John Flaton, Jr.
RMO Jet Mechanical, Inc.

Dated: January 15, 2015                        **MARTIN JOHN FLATON, JR.**

By: _____/S/_____

Martin John Flaton, Jr., Individually as
Personal Guarantor

Dated: January 15, 2015                        **SALTZMAN AND JOHNSON LAW
CORPORATION**

By: _____/S/_____

Michele R. Stafford, Esq.
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter. The Clerk of the Court is directed to close this case.

Dated: _____1/15_____, 2015

_____
UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED
AS MODIFIED

Judge Edward M. Chen

P:\CLIENTS\SHECL\Jet Mechanical\Pleadings\revised judgment pursuant to stipulation 011515.doc

| EXHIBIT A |
|:---:|

### JOB REPORT FORM

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287, or via E-mail to compliance@sjlawcorp.com, by the 20th day of each month \*\*\***

**Employer Name: <u>JET MECHANICAL, INC.</u>**

**Report for the month of _____, 20___ Submitted by: _____**

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Telephone #: | | Project Manager Name: | |
| Project Manager Telephone #: | | Project Manager address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address: | | | |
| General Contractor Telephone #: | | Project Manager Name: | |
| Project Manager Telephone #: | | Project Manager address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

*** Attach additional sheets as necessary ***

-11-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-4194 EMC**

19.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: January 12, 2015

JET MECHANICAL, INC.

By: _____
Martin John Flaton, Jr.
RMO Jet Mechanical, Inc.

Dated: January 12, 2015

MARTIN JOHN FLATON, JR.

By: _____
Martin John Flaton, Jr., Individually as
Personal Guarantor

Dated: January 12, 2015

SALTZMAN AND JOHNSON LAW
CORPORATION

By: _____/S/_____
Michele R. Stafford, Esq.
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2015        _____

UNITED STATES DISTRICT COURT JUDGE

-10-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C13-4194 EMC

P:\CLIENTS\SHECL\Jet Mechanical\Pleadings\revised judgment pursuant to stipulation 011515.doc